UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80235-Civ-Brannon

SHAWN MARTIN, individually,
and on Behalf of all others Similarly Situated,

      Plaintiffs,

vs.

PARTSBASE, INC d/b/a GOVGISTICS, and
ROBERT HAMMOND,

      Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS [DE 149]

THIS CAUSE is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaims ("Motion"). [DE 149]. Defendants responded [DE 162] and Plaintiffs replied [DE 183]. With leave of Court, Defendants filed a sur-reply [DE 205]. Having reviewed the supporting and opposing filings and the governing law, the Court rules as follows.

### I.    BACKGROUND

On February 18, 2020, Plaintiffs' brought this action seeking damages for Defendants' alleged failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq* ("FLSA"). [DE 1]. On October 2, 2020, Plaintiffs filed the Fourth Amended Complaint (the "FAC"), which is the operative complaint. [DE 136]. Plaintiffs allege Defendants employed similarly situated individuals as Inside Sales Representatives ("ISR"). [DE 136 ¶ 78]. ISR's job responsibilities, which consists of "using the telephone to solicit businesses in order to sell memberships to access Defendants' web based computer platform." [DE 52].

1

On April 27, 2020, Plaintiffs filed a Motion to Conditionally Certify Action and to Authorize Notice. [DE 28]. On May 14, 2020, the Court conditionally certified the following class:

> All persons employed by or performing work for Partsbase, Inc. as an Inside Sales Representative, under the job titles of Defense Analyst, Business Development Sales Representative, Account Executive and any other job title previously or currently used to describe persons working as ISRs at any time within the three (3) years preceding this lawsuit to the day of trial[.]

[DE 52 ¶ 2].[1]

In the FAC, Plaintiffs allege that Defendants violated the Fair Labor Standards Act for: (1) failing to pay ISR's overtime compensation; and (2) failing to maintain and preserve accurate and true records of all hours worked. [DE 136 ¶ 10]. Plaintiffs allege that Defendants maintained a scheme to avoid their obligations to pay overtime wages to ISR. *Id.* ¶ 4. Defendants shave or edit overtime hours from ISR's time records and also permit ISR's to work off the clock. *Id.* ¶ 5. Defendants maintained a common unlawful pay practice applicable to all ISR, shaving or editing off all work hours over forty (40) in each work week, and precluding the ISR from being able to report and log hours worked outside of the office. *Id.* ¶ 8. Defendants also maintained an unlawful policy requiring ISR to log off at the end of the shift to avoid incurring overtime wages, while continuing to urge, stress and encourage ISR to continue to work off the clock in order to meet sales goals, quotas and metrics. *Id.* ¶ 9.

On October 16, 2020, Defendants answered, asserted affirmative defenses, and brought two counterclaims against Plaintiffs—Breach of Loyalty (Count I) and Fraud (Count II). [DE 146]. In asserting Breach of Loyalty, Defendants allege that Plaintiffs intentionally self-reported false compensable hours and overtime worked, repeatedly lying about the truthfulness of their

---

[1] At the time, United States District Judge Middlebrooks presided over the case. Upon the consent of the parties, this case was referred to United States Magistrate Judge Brannon on July 29, 2020.

hours worked, and receipt of compensation for underperformed work. [DE 146 at 30 ¶ 29]. In asserting Fraud, Defendants allege that Plaintiffs repeatedly made material fraudulent misrepresentations and omissions, including falsified timesheets. [DE 146 at 30 ¶ 31]. Defendants claim Plaintiffs' actions constitute a pattern of misrepresentation, Plaintiffs knew their representations were false, Plaintiffs intended for Defendants to rely on the misrepresentations, and Defendants did reasonably rely on the misrepresentations, resulting in damage. [DE 146 at 30-31].

Defendants points to letters offering employment to Plaintiffs Levinson and Martin. [DE 146 at 33]. These offer letters state that "You will be classified as non-exempt from overtime and your work is not to exceed 40 hours unless pre-approved by management." [DE 146 at 26 ¶ 8; DE 146 at 33]. Plaintiffs Levinson and Martin signed the offer letters. [DE 146 at 35, 37]. Plaintiffs Levinson and Martin also signed copies of Defendants' Operation Polices where Plaintiffs Levinson and Martin acknowledge that the work week is 40 hours, and no employees are to exceed 40 hours without written approval from their manager. [DE 146 at 26 ¶ 11; DE 146 at 41, 44]. Plaintiffs Levinson and Martin also signed the Employee Acknowledgement Forms, recognizing that they have read and understood policies which include reporting time worked accurately, defining "time worked" as all time that an employee is required to be physically at work for the company, and expressly prohibiting falsifying time records. [DE 146 at 27-28; DE 146 at 46, 47]. Every quarter Plaintiffs Levinson and Martin also signed Amended Employee Terms & Conditions of Employment forms in which the specific provisions regarding overtime policies and commission were initialed and dated. [DE 146 at 28; DE 146 at 91-92, 96-97]. Finally, Defendants identify all Plaintiffs, named and opt-in, with the dates that the Plaintiffs signed the above-mentioned documents as well as videotaped interviews with Plaintiffs. [DE 146 at 29; DE 146 at

98]. Defendants claim that each Plaintiff signed multiple written statements and repeatedly represented on video that they had not worked overtime and were not entitled to overtime pay. [DE 146 at 29 ¶ 22; *see* DE 146 at 98].

On October 23, 2020, Plaintiffs filed the instant Motion, asserting that Defendants' counterclaims should be dismissed. [DE 149]. Plaintiffs argue that 1) the counterclaims against all the opt in Plaintiffs cannot be maintained on a representative or class basis; 2) the Court should decline supplemental jurisdiction of the state law counterclaims because they do not relate to the same nucleus of facts and would predominate the case; 3) the counterclaims violate public policy and puts a chilling effect on the continued participation in this case and are an act of retaliation; 4) courts generally reject counterclaims in collective actions; and 5) the counterclaims fail to state a claim upon which relief can be granted. *Id.* Because the Court agrees that the counterclaims are insufficiently pled, and because Defendants should be afforded an opportunity to amend, the Court need not address the remaining arguments in this Order.[2]

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss a counterclaim is evaluated in the same manner as a motion to dismiss a complaint. *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). The Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counter-claimant. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counter-claimant with all reasonable inferences taken as true in the counterclaim. *Stephens v.*

---

[2] This includes Defendants' contention that Plaintiffs' reply improperly added new argument, and the extraneous materials went beyond the four corners of the pleadings. Because the Court finds that the counterclaims were insufficiently pled, the Court did not consider these materials and need not address Defendants' argument regarding this issue at this time.

*Dep't of Health & Human Servs.,* 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the counterclaim] and all reasonable inferences therefrom are taken as true.").

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are not sufficient. *Id.* A pleading must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

### III. DISCUSSION

#### a. Breach of a Duty of Loyalty

Plaintiffs argue that Defendants' counterclaim for breach of their duty of loyalty fails to state a claim. To state a claim for a breach of a duty of loyalty, Defendants must allege (1) the existence of a duty of loyalty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Hennegan Co. v. Arriola*, 855 F. Supp. 2d 1354, 1361–62 (S.D. Fla. 2012); *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002).

The common law duty of loyalty provides that, unless otherwise agreed, an agent is subject to a duty to, inter alia, (1) account for profits arising out of employment; (2) not to deal with his principal as an adverse party in a transaction connected with its agency without the principal's knowledge; (3) not compete with the principal concerning the subject matter of its agency; (4) not act or agree to act during the period of its agency for persons whose interest conflict with those of the principal in matters in which the agent is employed; (5) not disclose confidential information;

and (6) not confuse or appear to own the principal's things.  *See* RESTATEMENT (SECOND) OF AGENCY § 388-398 (1958).

Florida recognizes this common law duty in the employee/employer context.  *See, e.g.*, *Ins. Field Services, Inc. v. White & White Inspection & Audit Serv.*, Inc., 384 So. 2d 303, 308 (Fla. 5th DCA 1980) (during the ongoing relationship a "common law duty not to engage in disloyal acts in anticipation of future competition"); *Fish v. Adams*, 401 So.2d 843, 845 (Fla. 5th DCA 1981) (employee's common law duty of loyalty to an employer is that an employee "may not engage in disloyal acts in anticipation of his future competition, such as using confidential information acquired during the course of his employment or soliciting customers and other employees prior to the end of his employment."); *New World Fashions, Inc. v. Lieberman*, 429 So. 2d 1276, 1277 (Fla. 1st DCA 1983) (employee "not entitled to solicit customers for rival business before the termination of the agency nor can [employee] properly do other similar acts in direct competition with the principal's business"); *Treasure Salvors, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel*, 556 F. Supp. 1319, 1339 (S.D. Fla. 1983) (breach of common law duty of loyalty when employee engaged in actual competition during his employment).

Defendant alleges that Plaintiffs wronged Defendants "through disloyal and deceitful conduct, by intentionally self-reporting false compensable hours and overtime worked, thereafter repeatedly lying about the truthfulness of their alleged hours and overtime, and receipt of compensation for unperformed work."  [DE 146 at 30].

Defendants' claim of breach of loyalty is insufficiently pled.  Taking the facts in a light most favorable to Defendants, Plaintiffs underreported their hours in violation of Defendants' company policies.  Working off the clock and misrepresenting as much to an employer does not implicate the common law duty of loyalty to an employer.  This underreporting may be a violation

of company policy which may amount to employee misconduct, but these facts fail to allege Plaintiffs' duty to Defendants' and disloyal acts that are recognized under Florida law. Defendants also fail to allege how this conduct resulted in damages. Because of this, Defendants' counterclaim of breach of loyalty is dismissed without prejudice. The Court finds that Defendants should be afforded an opportunity to amend its counterclaim. Fed. R. Civ. P 15(a) (leave to amend shall be "freely given when justice so requires.").

### b. Fraud

Plaintiffs argue that Defendants' counterclaim for fraud fails to state a claim. A party alleging fraud must state with particularity the circumstances constituting such fraud. Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). In the Eleventh Circuit, Rule 9(b) is satisfied if a plaintiff pleads the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
>
> (3) the context of such statements and the manner in which they mislead the plaintiff, and
>
> (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997), *reh'g denied* 116 F.3d 1495 (11th Cir. 1997) (quotation omitted). The elements of a fraud claim are:

> (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury.

*Madness, LP v. DiTocco Konstruction, Inc.*, 873 So.2d 427, 429 (Fla. 4th DCA 2004) (quotation omitted).

Defendants allege that Plaintiffs repeatedly and expressly attested to the accuracy of their hours worked and denied working overtime without compensation. [DE 146 at 31 ¶ 31]. "Plaintiffs knew and know their representations were false" and "Plaintiffs intended that [Defendants] would rely on such misrepresentations and omissions to its detriment." *Id.* ¶ 32-33. "[Defendants] did in fact reasonably and justifiably rely to its detriment upon Plaintiffs' misrepresentations." *Id.* ¶ 34. Finally, Defendants' allege they have "been damaged as a direct result of Plaintiffs' conduct." *Id.* ¶ 35.

Defendants' claim of fraud is insufficiently pled. Taking the facts in a light most favorable to Defendants, Plaintiffs lied to their employer by underreporting their hours worked because Plaintiffs knew Defendants would rely on this number, and pay them for less hours than actually worked. There is no damage or injury to Defendants alleged. The result of the alleged actions resulted in Plaintiffs not being paid for all the hours worked. Because Defendants' insufficiently plead its counterclaim for fraud, it is dismissed without prejudice. The Court finds that Defendants should be afforded an opportunity to amend its counterclaim. *See* Fed. R. Civ. P 15(a).

### c. Remaining Issues

Because the claims are insufficiently pled, the Court cannot fully address the other issues raised to support dismissing the counterclaims. However, to ensure efficiency in both speed to resolution and cost to the parties, the Court notes the following.

Any amended counterclaims cannot violate the *Brennan* rule—that is, counterclaims that reduce a plaintiff's FLSA recovery below the minimum amount required by statute shall be dismissed. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) *rev'd on other*

*grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Podzemelnyy v. Prolog Corp.*, No. 18-62395-CIV, 2019 WL 2255571 at \*4 (S.D. Fla. March 1, 2019); *Backo v. History Flight, Inc.*, 18-10205-CIV, 2019 WL 3412167, at \*4 (S.D. Fla. June 12, 2019), *report and recommendation adopted,* 18-10205-CIV, 2019 WL 5209449 (S.D. Fla. July 9, 2019).

Moreover, harm caused to Defendants based on the speculation that Plaintiffs will prevail on their FLSA claims may be premature. Instead, and as already asserted by Defendants, the allegation that Plaintiffs misrepresented the hours worked is best asserted as defense to Plaintiffs' claims until and unless Defendants are actually harmed. *See Nephron Pharm. Corp. v. Hulsey*, No. 618CV1573ORL31LRH, 2019 WL 3890253, at \*2 (M.D. Fla. Aug. 19, 2019) (allegations must clearly show how it suffered damages and how those damages were proximately caused by a breach of the duty of loyalty); *Simon v. Celebration Co.*, 883 So. 2d 826 (Fla. 5th DCA 2004) ("[F]raud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud.").

In addition, there is a question as to whether counterclaims are compulsory or permissive, and whether the counterclaims would predominate over Plaintiffs' FLSA wage claims in this case. *See Nunez v. Gator Towing & Recovery Corp.*, No. 15-62128-CIV, 2015 WL 12825346, at \*3 (S.D. Fla. Dec. 30, 2015) (finding that a defendant's pursuit of a negligent driving claim would predominate a FLSA case and should therefore be dismissed). *Yeseren v. Cksingh Corp.*, 2:10-CV-253-FTM-29, 2010 WL 4023524, at \*4 (M.D. Fla. Oct. 13, 2010) ("Absent more of a showing that there is a legally relevant connection between the stealing and the obligation to pay an employee, the Court cannot conclude that either counterclaim arises from the common nucleus of operative facts or is a compulsory counterclaim.").

**IV.   CONCLUSION**

Having considered the parties' written submissions and being otherwise fully advised, the Court hereby **ORDERS** that

1) Plaintiffs' Motion to Dismiss Defendants' Counterclaims [DE 149] is **GRANTED** in a manner consistent with this Order.

2) Defendants' counterclaims are **DISMISSED WITHOUT PREJUDICE**. Defendants may amend their counterclaims within 15 days of the date of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 4th day of December, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE