UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80235-Civ-Brannon

SHAWN MARTIN, individually,
and on Behalf of all others Similarly Situated,

    Plaintiffs,

vs.

PARTSBASE, INC d/b/a GOVGISTICS, and
ROBERT HAMMOND,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on the Plaintiffs' Consolidated Motion for Sanctions ("Motion"). [DE 152]. Plaintiffs also filed a Notice of Supplemental Authority. [DE 160]. Defendants responded [DE 172] and Plaintiffs' replied [195]. The Court heard oral argument on November 30, 2020 and made several rulings on the record. [DE 203]. The Court permitted the parties to submit proposed orders, and both parties did. [DE 204 & 211]. Also before the Court are two related motions: Plaintiffs' Motion to Strike Supplemental Authority [DE 214] and Plaintiffs' Motion to Stay Discovery Until Ruling on Pending Motions [DE 163]. Being fully advised, and for the reasons stated on the record, it is

**ORDERED AND ADJUDGED** that Defendants did not timely and/or adequately comply with the terms and requirements of this Court's ESI Orders [DE 93] and [DE 99] such that this Court finds Plaintiffs' Consolidated Motion for Sanctions was meritorious and necessary.

Accordingly, the Court hereby **ORDERS** that

1

1. Plaintiffs' Consolidated Motion for Sanctions [DE 152] is **GRANTED** as set forth in this Order.

2. Defendants shall produce within seven (7) days of this Order, each Plaintiffs' time records and time-edit/modification records in Microsoft Excel or .CSV format which contain the following information consistent with this Court's ESI Order [D.E. 99 § VI(a)] and irrespective of Defendants' designation(s) of any Plaintiff(s) as a "trainee", "manager", "account manager", "renewal sales" or any other status alleged by Defendants pursuant to this Court's Order [D.E. 202] as follows:

    a. Plaintiff's Last Name, First Name
    b. User Identification Number (Clock Number)
    c. Date in month, day, year
    d. Punch time in military time format, i.e. 15:59:59
    e. Punch Type, if this information is recorded in the ordinary course of business;
    f. An indication of whether that time punch was edited, indicating manual edits.
    g. If the time punch was edited, a listing of the following:
        i. The time edit reason, to add or remove a time punch;
        ii. Original Time before the edit was made in military time format 15:59:59, which Partsbase maintains is indicated by a "remove" in the database;
        iii. The Name of the user who made the edit to the time punch record;
        iv. The User Identification Number of the Person who edited the time punch;
        v. The date that the edit to the time punch record occurred
        vi. The time that the edit to the time punch record occurred in military time format 15:59:59.

3. Defendants shall produce within seven (7) days of this Order, each Plaintiffs' CRM log-on and log-out records in Microsoft Excel or .CSV format which contain the following information consistent with this Court's ESI Order [DE 99 § V(a)] and irrespective of Defendants' prior designation(s) of any Plaintiff(s) as a "trainee", "manager", "account manager", "renewal sales" or any other status alleged by Defendants pursuant to this Court's Order [DE 202] as follows:

    a. Plaintiff's Last Name, First Name;

      b. User Identification Number (Clock Number);
      c. Date in month, day, year;
      d. Punch time in military time format 15:59:59;
      e. Punch Type, if this information is recorded in the ordinary course of business.

Partsbase represents that its CRM database was constructed 20 years ago, and while sequel server shows access to the CRM webpage and the transactions ensuing, it does not identify the employee accessing that webpage. Partsbase shall produce the information it has to Plaintiffs and Plaintiffs shall have the right at the 30(b)(6) deposition to inquire into this information and if Plaintiffs believes Partsbase's information is incorrect or incomplete following the production and the deposition, Plaintiffs can apply to the Court for additional relief.

4. To date, Defendants have produced CRM timestamp records relating to Comments Plaintiffs made in the CRM system, changes Plaintiffs made to corporate information and contact information. But Defendants have not produced all other changes recorded in the CRM database, such as timestamped instances of changes to Cage codes, assigning and unassigning prospects, and changes related to sales activities. Defendants shall produce within seven (7) days of this Order, each Plaintiffs' timestamped records of all changes to the CRM records in Microsoft Excel or .CSV format consistent with this Court's ESI Order [D.E. 99 § V(a)] and irrespective of Defendants' prior designation(s) of any Plaintiff(s) as a "trainee", "manager", "account manager", "renewal sales" or any other status alleged by Defendants pursuant to this Court's Order [DE 202] as follows:

      a. Plaintiff's Last Name, First Name
      b. User Identification Number
      c. Date in month, day, year
      d. Change time in military time format 15:59:59
      e. Type of change made, if this information is recorded in the ordinary course of business.

5. The Court finds that Plaintiffs shall be permitted to take a supplemental Corporate Representative Deposition pursuant to Fed R. Civ. P. Rule 30(b)(6) on the following topics, and directs the parties to confer at least two weeks before the deposition regarding specific areas of inquiry as to each item below so that the corporate representative can investigate before the deposition the specific information sought:

    a. Defendants' CRM database, its data fields, which fields create timestamped records, the CRM's transactional logs and the end-users' rights and capabilities while accessing the database.
    b. Defendants' Accounting and Time_Attendance databases, their data fields, which fields create timestamped records, the databases' transactional logs and the end-users' rights and capabilities while accessing the databases.
    c. Defendants' networking structure(s), including but not limited to end user access controls and login auditing.
    d. The search for and contents of ESI records Defendants have produced to date, including but not limited to telephone records, CRM records, time records, and time-edit records.

6. Following the supplemental Corporate Representative Deposition, Plaintiffs have the option to conduct a forensic ESI investigation of Defendants' IT infrastructure at Plaintiffs' expense. If Plaintiffs' thereafter believe evidence has been altered or spoliated, they can file a Motion for Sanctions with the Court.

7. In finding that Defendants did not timely and/or adequately comply with the terms and requirements of this Court's ESI Orders, the Court finds Plaintiffs are entitled to their fees and costs incurred in bring its Consolidated Motion for Sanctions [DE 152]. The amount of fees will be determined at a later date.

8. Because the Court did not consider the diagram at issue, Plaintiffs' Motion to Strike Supplemental Authority [DE 214] is **DENIED AS MOOT.**

9. Because the Court has ruled on all motions discussed in Plaintiffs' Motion to Stay Discovery Until Ruling on Pending Motions [DE 163], the motion to stay [DE 163] is **DENIED AS MOOT.**

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of December, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE