UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80235-Civ-Brannon

SHAWN MARTIN, individually,
and on Behalf of all others Similarly Situated,

    Plaintiffs,

vs.

PARTSBASE, INC d/b/a GOVGISTICS, and
ROBERT HAMMOND,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court upon an Unopposed Motion for Approval of FLSA Collective Action Settlement Agreement and Entry of Stipulated Judgment in Favor of Plaintiffs [DE 241]. The Court has carefully reviewed the terms of the parties' final written FLSA Collection Action Settlement Agreement and Mutual Release Agreements ("Settlement Agreement") and is otherwise fully advised.

On February 18, 2020, Plaintiffs alleged that Defendants failed to pay overtime wages as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [DE 1]. On May 14, 2020, the Court conditionally certified the action. [DE 52]. On October 2, 2020, Plaintiffs filed their Fourth Amended Complaint (the "FAC") [DE 136]. On December 18, 2020, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' FAC and First Amended Counterclaim against Plaintiffs. [DE 229]. These filings are the operative complaint and answer in this lawsuit. There are 39 Plaintiffs, including the named plaintiff, who are involved in this case.

This matter has been heavily litigated and involved a significant amount of discovery. On December 14, 2020 the parties attended mediation. According to the parties, the mediation continued almost daily until January 7, 2020 when the parties reached a settlement in full. The parties thereafter memorialized the terms of their settlement in the Settlement Agreement, which has been fully executed by the parties and filed in the record for Court review [DE 241-1].

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). The Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

Following an independent review of the record and after a full review of the represented parties' fully executed Settlement Agreement, the Court finds that the parties' settlement represents a fair and reasonable resolution of the parties' bona fide disputes in this vigorously contested matter. Among other things, the agreement includes but is not limited to a detailed breakdown of the settlement payments to be made to Plaintiffs and counsel, mutual general releases, and a provision for non-admission of liability. In all, the agreement represents a reasonable compromise that avoids the costs and uncertainty of further litigation.

Accordingly, the Court **ORDERS AND ADJUDGES** that the Unopposed Motion for Approval of FLSA Collective Action Settlement Agreement and Entry of Stipulated Judgment in

3

Favor of Plaintiffs [DE 241] is **GRANTED**. The parties' Settlement Agreement is **APPROVED**. The Court retains jurisdiction to enforce the Settlement Agreement's terms, if necessary. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE**.

    DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of January, 2021.

                                                DAVE LEE BRANNON
                                                U.S. MAGISTRATE JUDGE